**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : |
| | : |
| EWAN EWERS | : Chapter 13 |
| | : |
| Debtor | : Bankruptcy No. 17-11535AMC |

************

**STANDING CHAPTER 13 TRUSTEE'S MOTION FOR**
**ALTERNATIVE DISBURSEMENT**

Scott. F. Waterman, Esquire, Standing Chapter 13 Trustee, by and through his counsel, requests that the Court authorize disbursement of certain funds to creditors for the following reasons:

1. Debtor filed the above-captioned Chapter 13 case on March 6, 2017 and his Modified Chapter 13 Plan (Doc 61) ("Plan") was approved on January 9, 2019.

2. The Debtor's Plan sets forth the following order of distribution of payments:

Level 1: Trustee's Commissions
Level 2: Domestic Support Obligations
Level 3: Adequate Protection Payments
Level 4: Debtor's attorney's fees
Level 5: Priority claims, pro-rata
Level 6: Secured claims, pro-rata
Level 7: Specially classified unsecured claims
Level 8: General unsecured claims
Level 9: Untimely filed general unsecured non-priority claims to which debtor has not objected.

See Plan, Section 8: Order of Distribution. [Doc 61]

3. The Plan requires the Debtor to pay $64,965.00 to the Trustee over 60 months and as of August 5, 2021 the Debtor is in arrears $1,221.00 with Plan payments.

4. The Plan further provides that from the funds received by the Debtor the Trustee shall disburse $37,519.22 to cure pre-petition arrears and $7,065.39 to cure post-petition arrears

to Carrington Mortgage Services' (secured claim 3) on the Debtor's residence. See Plan, section 4(b).

5. The remaining balance of the funds to be distributed under the Plan are to pay off in full two City of Philadelphia's secured claims and then to unsecured creditors on a pro-rata basis.

6. The Trustee has disbursed to Carrington Mortgages Services $27,714.89 for pre-petition arrears and $4,475.44 for post-petition arrears.

7. On December 9, 2020 Carrington Mortgage Services obtained relief from the automatic stay and is refusing to accept any additional distributions from the Trustee.

8. As of August 5, 2021 the Trustee is holding $5,661.01 which would be available to pay other creditors.

9. Despite being advised by the Trustee that the creditor is refusing payments, the Debtor has not moved to modify the Plan.

10. When distributions are refused by a creditor and returned to the Chapter 13 Trustee, those funds should be disbursed to the remaining unpaid creditors. See In re Begoun, 2019 WL 3763955 at *2-*4 (Bankr.N.D. Ill 2019) and In re Hoffman, 2019 WL 1271457 (Bankr.W.D. Va. 2019).

11. Because Carrington Mortgage Services has obtained relief from the automatic stay and has refused payments, the funds being set aside for paying Claim 3 should be re-allocated to pay the remaining unpaid creditors.

**WHEREFORE**, the Chapter 13 Trustee requests this Court authorize the Trustee not make any further disbursements to Carrington Mortgage Services (Claim 3 both pre and post

petition arrears) and instead to disburse those funds to the remaining unpaid creditors in accordance with the terms of the Plan.

                                                      Respectfully submitted,

Date: August 12, 2021                                      */s/Ann E. Swartz*
                                                                     Ann E. Swartz, Esq.
                                                                     for
                                                                     Scott F. Waterman, Esquire
                                                                     Standing Chapter 13 Trustee